UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EDWARD TURNAGE,       : | |
|     Plaintiff,       : | CIVIL ACTION NO. |
| : | 3:13-CV-838 (VLB) |
| v.       : | |
| : | |
| JAMES DZURENDA, ET AL.       : | |
|     Defendants.       : | August 20, 2015 |

**ORDER DISMISSING CASE PURSUANT TO 28 U.S.C. § 1915**

Plaintiff Edward Turnage ("Turnage"), proceeding *pro se* and *in forma pauperis*, brings a claim under the Eighth Amendment in connection with his confinement at Cheshire Correctional Institution ("Cheshire").[1] For the reasons that follow, the Court concludes that, in light of the allegations in the Complaint and Plaintiff's assertions of fact on the record, Plaintiff cannot satisfy either the objective or subjective elements of an Eighth Amendment violation, and the face of the record indicates that Plaintiff failed to exhaust his administrative remedies prior to filing the Complaint. Accordingly the Complaint is DISMISSED.

**I.    Background**

Count Four of Plaintiff's Operative Second Amended Complaint, titled "Recreation and Americans with Disabilities Act," alleges that Plaintiff was "confined to [his] cell[] 22 hours a day and [] provided with an average of [three] hours of meaningful exercise in the recreational yard during [s]ummer months, and [four] hours of non-gym time with limited exercise during the [w]inter

---

[1] Turnage has amended his Complaint several times over the course of this matter, as his prior pleadings failed to adequately set forth facts amounting to a cognizable claim under federal law. *See* [Dkt. ## 1, 15, 32, 34]. On March 30, 2015, the Court found that Count Four of the Operative Second Amended Complaint "still d[id] not comply with the Court's Order instructing Plaintiff on what to include in his amended complaint," but "in the interest of justice," the Court permitted the Complaint to go forward solely on this claim. [Dkt. #31].

1

months." [Dkt. #34 at ¶ 31]. The Complaint further alleges that Cheshire "offers the least amount of recreation" as compared to "every other level [four] facility," and that this amount falls "far below the required amount." [*Id.* at ¶ 32]. In addition to reduced exercise time, Plaintiff alleges that Cheshire provided him with "broken and outdated recreation equipment" which caused him and others bodily injury. [*Id.* at ¶ 37]. Aside from exercise opportunities, Plaintiff contends that he is "locked in [his] cell[] for extreme[ly] long periods of time daily" and that there is "a lack of prison jobs, programs and/or other out[-]of[-]the[-]cell activities." [*Id.* at ¶ 35].

As for the named Defendants, Plaintiff contends that "Defendant Brighthaupt has sanctioned the cancellation of big yard recreation on days where the temperature was well below 100 degrees and the humidity was below 65%." [*Id.* at ¶ 32]. Defendants Floser and Chalmers were allegedly "aware of the broken and outdated recreation equipment." [*Id.* at ¶ 37]. Plaintiff also alleges that the Defendants "[f]requently . . . misuse[d] assimilated codes to cancel[] the Plaintiff[']s already limited recreation hours . . . in order for [the Defendants] to have picnics and other celebrations." [*Id.* at ¶ 38A.].

At an August 18, 2015 pre-trial conference, in response to questions from the Court, Plaintiff stated that (i) he received between one and two hours of exercise per day; (ii) he did not suffer any timely physical injuries from the alleged misconduct,[2] but contended that the lack of exercise, coupled with extended periods of time in his prison cell, has caused him to suffer mental afflictions, including symptoms of depression; (iii) he has never sought nor

---

[2] Plaintiff stated that in 2001 and 2005, he strained his arm using a bench press in the Cheshire gym, and that his arm healed after he stopped using it.

2

received treatment for any physical or mental injuries stemming from the allegations in the Complaint; (iv) the damaged gym equipment consisted of a bench press machine that, through years of use, had become bent and uneven; and (v) he has never pursued administrative remedies in connection with any of the allegations in the Complaint because he believed such efforts would be futile.

II. <u>Legal Standards</u>

Although the Complaint describes Count Four as pleading a violation of the Americans with Disabilities Act, the Court construes the above allegations as pleading a claim under the Eighth Amendment, pursuant to 42 U.S.C. § 1983.

A. <u>28 U.S.C. § 1915</u>

When, as here, a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). "While it is proper . . . that a decision to dismiss under § 1915[(e)] be made prior to issuance of process . . . dismissal may occur and is in some cases preferable after service of process and expansion of the record." *Anderson*, 700 F.2d at 41. This is because "expansion of the record protects the unskilled litigant and enables the court to make an informed decision regarding the merits of an action by reference to the reality of the situation rather than by speculating as to the nature of the claim." *Id.* (citation omitted). Thus, "it is incumbent upon the court to develop the case and to sift the claims and known facts thoroughly until completely satisfied either of its merit or lack of same." *Id.* (quotations and citations omitted). "At whatever point it is clear that merit is lacking, the IFP action should be dismissed as frivolous." *Id.*

3

B.   <u>The Eighth Amendment</u>

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.  Although the Constitution does not require "comfortable" prison conditions, the conditions of confinement may not "involve the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981).

"To state an Eighth Amendment claim based on conditions of confinement, an inmate must allege that: (1) objectively, the deprivation the inmate suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind such as deliberate indifference to inmate health or safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (citations and quotations omitted).  "To meet the objective element, the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." *Id.* (citation omitted).  Thus, prison officials violate the Constitution when they deprive an inmate of his basic human needs, such as food, clothing, medical care, and safe and sanitary living conditions. *Id.* (citation omitted).  "[T]o determine whether a deprivation is sufficiently serious[,] the conditions themselves must be evaluated in light of contemporary standards of decency." *Id.* (quotation and citation omitted).

To meet the subjective element, the plaintiff must show that the defendant acted with "more than mere negligence." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).  To constitute deliberate indifference, the prison official must know of, and disregard, an excessive risk to inmate health or safety. *Id.*

4

(quotation and citation omitted).  That is, the defendants "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw that inference."  *Riddick v. Arnone*, No. 3:11-cv-631 (SRU), 2012 WL 2716355, at *5 (D. Conn. Jul. 9, 2012) (quoting *Farmer*, 511 U.S. at 837).  Evidence that a risk was obvious or otherwise must have been known to a defendant may be sufficient for a fact finder to conclude that the defendant was actually aware of the risk.  *Walker*, 717 F.3d at 125 (quotation and citation omitted).

Because exercise is one of the basic human needs protected by the Eighth Amendment, prisoners must be afforded some opportunity for exercise.  *Davidson v. Coughlin*, 968 F. Supp. 121, 129 (S.D.N.Y. 1997) (citing *Williams v. Greifinger*, 97 F.3d 699, 704 (2d Cir. 1996)).  However, "though courts have played a helpful role in assisting prisoners and prison officials to negotiate mutually acceptable terms for the provision of exercise opportunities . . . they have not found in the Eighth Amendment a broad license to require prison officials to meet all of the recreational standards that have been recommended by penologists."  *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985).  This is because "of the relatively narrow authority of judges and the appropriate, but by no means unlimited, deference to be accorded the decisions of prison administrators."  *Id.*  In assessing whether a deprivation of recreation is sufficiently severe to satisfy the objective portion of the Eighth Amendment test, courts consider "factors including the duration and extent of the deprivation, the availability of other out-of-cell activities, the opportunity for in-cell exercise and the reason for the deprivation."  *Shakur v. Sieminski*, No. 3:07-cv-1239 (CFD), 2009 WL 2151174, at

*4 (D. Conn. Jul. 15, 2009) (citing *Williams v. Goord*, 142 F. Supp. 2d 416, 425 (S.D.N.Y. 2001)).

III.   Analysis

Plaintiff claims he was generally denied exercise by prison officials at Cheshire, that scheduled exercise was frequently cancelled, and that certain exercise equipment was in disrepair, and as a result, caused bodily injuries to Plaintiff and others.  *See* [Dkt. #34 at ¶¶ 31-32, 37, 38A.].  While such allegations, in isolation, may state an Eighth Amendment denial of recreation claim, the additional facts Plaintiff offered at the pre-trial conference render him unable to satisfy either the objective or subjective elements of such a claim.

First, Plaintiff acknowledged that he received over an hour of exercise per day.  "While courts have found that denial of all opportunity to exercise violates an inmate's constitutional rights, they have found no violation where the inmate has some opportunity for exercise, either in or outside of his cell.  Indeed, the issue has been litigated in this Court for decades."  *Taylor v. Murphy*, No. 3:10-cv-245 (HBF), 2012 WL 4512510, at *9 (D. Conn. Sept. 30, 2012) (citing cases); *Shakur*, 2009 WL 2151174, at *5 ("Although the Second Circuit has approved one hour of outdoor recreation per day, it has not held that amount to be the constitutional minimum.") (citing *Anderson*, 757 F.2d at 35 and *Davidson*, 968 F. Supp. at 130).

Second, Plaintiff's statement that he did not suffer any timely physical injuries precludes Plaintiff's claim.  *See Shakur*, 2009 WL 2151174, at *4 ("To state a cognizable Eighth Amendment claim for denial of recreation, [plaintiff] must show that the denial of the opportunity for exercise resulted in *tangible physical*

6

*harm.*") (emphasis added); *Greene v. Furman*, 610 F. Supp. 2d 234, 237 (W.D.N.Y. 2009) (granting motion to dismiss Eighth Amendment claim for denial of exercise where there was "no indication in the complaint that the deprivations . . . resulted in any physical injury"); *see also* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").[3]

Third, neither the allegations in the Complaint nor his statements at the pre-trial conference assert facts showing that the Defendants acted with a culpable state of mind sufficient to constitute deliberate indifference.  That the Defendants allegedly cancelled recreation hours in the absence of inclement weather and in order "to have picnics and other celebrations" does not rise to the level of deliberate indifference, as there is nothing to suggest that the Defendants knew that cancelling these hours in such a manner raised a substantial risk of serious harm.  [Dkt. #34 at ¶¶ 32, 38A.].  Similarly, that two Defendants were "aware of the broken and outdated recreation equipment" does not establish that they were aware that the equipment was in such disrepair that it was causing serious bodily injuries (or posed a substantial risk of serious harm), especially

---

[3] Section 1983 claims brought in this District are subject to a three-year statute of limitations.  *See Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1994).  Plaintiff filed his original Complaint on June 12, 2013, approximately five years *after* the statute of limitations had run on his second arm strain, which occurred sometime in 2005.  *See* [Dkt. #1].  In addition, such injuries, given Plaintiff's acknowledgment that they fully healed without his seeking medical treatment, were plainly *de minimis*.  *See Liner v. Goord*, 196 F.3d 132, 135 (2d Cir. 1999) ("[P]hysical injury required by § 1997e(e) must simply be more than *de minimis*."); *Cox v. Malone*, 56 F. App'x 43, 44 (2d Cir. Feb. 20, 2003) (Summary Order) (affirming grant of summary judgment in favor of defendants on Eighth Amendment claim where plaintiff "failed to show . . . more than *de minimis* physical injury . . . as required by the Prison Litigation Reform Act").

7

since the damage was limited to one piece of equipment which was bent and uneven and where Plaintiff has acknowledged that he never suffered such injuries.  [*Id*. at ¶ 37].

Fourth, Plaintiff has candidly acknowledged that he has never attempted to obtain relief through any of the administrative channels available to him.  The Prisoner Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "Failure to exhaust administrative remedies under the PLRA" is ordinarily "an affirmative defense that defendants must plead, *unless the failure to exhaust is readily apparent or unambiguously established from the face of the record.*"  *Torrence v. Pesanti*, 239 F. Supp. 2d 230, 232 (D. Conn. 2003) (emphasis added).  Where the record clearly establishes Plaintiff's failure to exhaust, and in the absence of "any special circumstances justifying his failure to exhaust," dismissal is appropriate.  *Yeldon v. Ekpe*, 159 F. App'x 314, 316 (2d Cir. Dec. 16, 2005) (Summary Order) (affirming grant of motion to dismiss for failure to exhaust where record plainly established failure and plaintiff did not sufficiently allege futility by showing that "the grievance system [was] 'unavailable' to [plaintiff]").  Here, Plaintiff acknowledged that he never attempted to pursue administrative remedies and offered as justification only his subjective belief that an administrative proceeding would have been futile. This is insufficient to meet the legal requirement for futility.  *See Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (exhaustion requirement may be satisfied if: (1) administrative remedies

8

were not, in fact, "available" to the prisoner; and (2) the defendants should be estopped from raising non-exhaustion as an affirmative defense; or (3) there were special circumstances which justified the failure to administratively exhaust the claim).

IV.     Conclusion

Based upon the foregoing reasoning, the Court determines that the sole remaining claim in the Complaint, Count Four, is frivolous, and DISMISSES the Complaint with prejudice.  The clerk is directed to close this file.

IT IS SO ORDERED.
_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: August 20, 2015